# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TED MARCUM,                                           Case No. 1:06cv108
    Plaintiff

  vs

RICHARD JONES, SHERIFF, et al.,           **ORDER**
    Defendants                                      Dlott, J.

       Plaintiff, an inmate at the Butler County Jail in Hamilton, Ohio, brings this action pursuant to 42 U.S.C. § 1983 against defendants Richard Jones, the Butler County Sheriff, numerous employees of the Butler County Sheriff's Department, the Butler County Commissioners, and the Board Members of the Butler County Sheriff's Department. This matter is before the Court for a sua sponte review of the complaint to determine: (1) whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and (2) whether plaintiff has exhausted his administrative remedies under 42 U.S.C. § 1997e as amended by the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, § 803(d), 42 U.S.C. § 1997e(a).

       A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint challenges numerous conditions of confinement at the Butler County Jail. He purports to bring the complaint as a class action on behalf of all the inmates at the Butler County Jail. The complaint attacks the adequacy of the legal services and supplies provided by the Jail; the lack of educational programs; the lack of free periodicals or reading materials; the prohibition on receiving publications from outside publishers; the adequacy of the Jail's grievance procedure; the disciplinary procedures and punishment employed by the Jail; the alleged "overcrowding" and lack of outdoor recreational opportunities at the Jail; the failure to issue "proper" clothing at County expense; and the operation of the central air-conditioner during the winter months. Plaintiff seeks monetary, declaratory, and injunctive relief.

As an initial matter, the Court finds plaintiff may not maintain this case as a class action. While he purports to represent himself and a class of all Butler County Jail inmates, he is not a lawyer and may not represent other persons in this matter. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654. The competence of a layman is clearly too limited to allow him to risk the rights of others. *See Fymbo v. State Farm Fire & Casualty Co.,* 213 F.3d

1320, 1321 (10th Cir. 2000); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). *See also Palasty v. Hawk*, 15 Fed. Appx. 197, 199 (6th Cir. 2001) (unpublished), 2001 W.L. 857209. Accordingly, plaintiff may not maintain this suit as a class action. The Court shall address the individual claims raised by plaintiff.

Where an inmate alleges a denial of access to the courts as a result of a non-existent or inadequate law library, the lack of legal assistance, or the lack of materials as in the instant case, he must demonstrate he was actually prejudiced in an existing or contemplated legal proceeding. *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999). Plaintiff must show, for example, "that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Moreover, to have standing to pursue an access-to-the-courts claim, plaintiff must "show actual prejudice to *non-frivolous* claims." *Hadix*, 182 F.3d at 406 (emphasis added). Plaintiff fails to allege facts showing he was actually impeded in any existing or contemplated lawsuit or that he was harmed in some other specific way by the alleged inadequacies. His conclusory allegations are insufficient to state a claim for denial of access to the courts under § 1983. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Therefore, plaintiff's denial of access to the courts claim is dismissed with prejudice.

Plaintiff's allegations concerning the lack of education opportunities at the Butler County Jail fail to state a cause of action under section 1983. While educational, vocational, and other programs for prisoners, including access to free newspapers, magazines, and other periodicals,

may be desirable and may enhance the prospects for rehabilitation, the deprivation of such opportunities does not inflict "unnecessary and wanton pain" within the meaning of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). *See Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Therefore, these claims are dismissed with prejudice.

Plaintiff's complaint also fails to state a claim for relief under the First Amendment for a denial of "free speech." He alleges the lack of a legal resource program prevents him from assisting other inmates with their legal matters. Plaintiff has no First Amendment right to assist other inmates in presenting their legal claims absent a showing that "the inmate[s] receiving the assistance would otherwise be unable to pursue legal redress." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff has failed to allege facts showing that any particular inmates at the Butler County Jail could not have been represented by another inmate, or that they could not prepare their legal documents without his assistance. In any event, as explained below, because plaintiff fails to show exhaustion of his administrative remedies on this claim it must be dismissed.

To the extent plaintiff alleges defendants fail to provide newspapers, magazines and tabloids to inmates at County expense, the complaint fails to state a claim for relief under the First Amendment. The County has no affirmative duty under the constitution to provide inmates with free reading materials. In addition, plaintiff fails to show he exhausted his administrative remedies on this claim.

To the extent plaintiff complains that the Jail's grievance procedure is inadequate, the complaint fails to state a claim for relief for a denial of due process because plaintiff has no

constitutional right to an effective grievance procedure. *See Argue v. Hofmeyer,* 80 Fed. Appx. 427, 430 (6th Cir. 2003)(unpublished), 2003 WL 22495834, \*\*2-\*\*3, citing *Hewitt v. Helms,* 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994). *See also Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335 (6th Cir. 2000) (unpublished), 2000 W.L. 799760, at \*3 (no inherent constitutional right to an effective prison grievance procedure). Plaintiff's allegations do not give rise to a liberty interest protected by the Due Process Clause and must be dismissed with prejudice.

Plaintiff's complaint also fails to state a due process claim in connection with his allegation that his was placed in disciplinary isolation without receiving a written statement of the facts concerning the alleged offense. Plaintiff has no liberty interest in remaining in the general jail population and free of disciplinary or administrative segregation. *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). Therefore, this claim is dismissed with prejudice.

Likewise, plaintiff's claim that he was given a "loaf diet" for 28 days while in disciplinary isolation fails to state a claim for relief under the due process clause. *See Griffis v. Gundy*, 47 Fed. Appx. 327, 328 (6th Cir. 2002); *Turnboe v. Gundy*, 25 Fed. Appx. 292 (6th Cir. 2001), *cert. denied*, 535 U.S. 1101 (2002); *Johnson v. Gummerson*, No. 99-0071, 1999 WL 822523, at \*1 (2d Cir. 1999). Nor does a diet of food loaf violate the prohibition against cruel and unusual punishment under the Eighth Amendment. *Griffis*, 47 Fed. Appx. at 328, citing *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977). Therefore, this claim is dismissed with prejudice.

Plaintiff's remaining claims concerning the alleged prohibitions on receiving newspapers or publications from publishers through the United States mail; alleged "overcrowding" and lack of outdoor recreational opportunities at the Jail; the failure to issue "proper" clothing at County expense; and the operation of the central air-conditioner during the winter months must be dismissed because plaintiff has failed to show he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) as amended by the Prison Litigation Reform Act (PLRA). Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners who file lawsuits in this Court challenging the conditions of their confinement pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Inmates must "plead claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. . . ." *Knuckles v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*. Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. Where a complaint contains both exhausted and unexhausted claims, the district court must dismiss the complaint in its entirety. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). The case should be

dismissed without prejudice where the record fails to disclose that the prisoner has complied with the exhaustion requirement. *Brown,* 139 F.3d at 1104.

In the instant case, plaintiff fails to meet his burden of demonstrating he exhausted his administrative remedies. In order to effectuate the language contained in § 1997e(a), plaintiff must plead his claims with specificity and show such claims have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El*, 215 F.3d at 642. Plaintiff has not attached to his complaint copies of any informal complaints, grievances, appeals, or administrative decisions showing he exhausted the Jail's grievance procedure. *Id*. Nor is his conclusory allegation that the "results" of his grievances were "ineffective and futile" sufficient to show exhaustion. In addition, although he claims he filed numerous kites and grievances to officials "raising numerous constitutional claims," he fails to specify the particular claims on which he allegedly pursued the Jail's grievance procedure. Plaintiff's failure to show exhaustion of his administrative remedies on these claims requires dismissal of both his exhausted and unexhausted claims, and therefore his entire complaint. *See Jones Bey*, 407 F.3d at 806.

Plaintiff is notified that he is not permitted to amend the instant complaint to allege and show exhaustion. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Plaintiff's only option at this point is to file a new complaint against defendants to plead and show exhaustion. *Id*. In the event plaintiff chooses to file a new complaint after he exhausts his administrative remedies, he should attach to his complaint copies of any grievances, appeals, or administrative decisions showing he exhausted the grievance procedure on his claims.

Accordingly, it is hereby **ORDERED** that plaintiff's claims regarding an alleged denial of access to the courts, lack of educational programs, lack of free periodicals or reading materials, inadequacy of the Jail's grievance procedure, lack of due process in connection with the Jail's disciplinary procedures and punishment, and unconstitutional "loaf diet" are **DISMISSED with prejudice.** Plaintiff's remaining claims are **DISMISSED without prejudice** to refiling after plaintiff has shown he has exhausted the Jail's administrative remedy.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

    S/Susan J. Dlott
Susan J. Dlott
United States District Judge